UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PULASKI COUNTY, VIRGINIA,<br>A political subdivision of the<br>Commonwealth of Virginia,<br>County Administration Building<br>143 Third Street, NW, Suite 1<br>Pulaski, Virginia 24301<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERTO R. GONZALES,<br>United States Attorney General, and<br>R. ALEXANDER ACOSTA,<br>Assistant Attorney General,<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Avenue<br>Washington, D.C. 20530<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. <u>1:05-cv-1265</u><br><br>Judge: _____<br><br>Three-Judge Court |

## CONSENT JUDGMENT AND DECREE

This action was initiated by Pulaski County, a political subdivision of the

Commonwealth of Virginia (hereafter "the County"). The County is subject to

the provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42

U.S.C. Section 1973c. The County seeks a declaratory judgment under Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. Section 1973b. A three-judge court has been convened as provided in 42 U.S.C. 1973b(a) (5) and 28 U.S.C. Section 2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted from those provisions if it can demonstrate in an action for a declaratory judgment before the United States District Court for the District of Columbia that it has both 1) complied with the Voting Rights Act during the ten-year period prior to filing the action, and 2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence.

In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the County must satisfy five conditions: 1) the County has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race, or color; 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the County, and no consent decree, settlement or agreement may have

been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced; 3) no Federal examiners have been assigned to the County pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action; 4) the County and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C. Section 1973c. during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and

5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the County or any governmental unit within this territory during that ten-year period, nor may any section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. Section 1973b(a) (1) (A-E).

In addition, to obtain the declaratory judgment, the County and all governmental units within its territory must have eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process.

42 U.S.C. Section 1973b (a) (1) (F) (i). In addition, the County must have engaged in constructive efforts to eliminate intimidation or harassment of persons exercising voting rights, and other efforts such as expanded opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process. 42 U.S.C. Section 1973b (a) (1) (F) (ii-iii).

The County is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. Section 1973 b(A) (2). In the ten years preceding bailout, the County must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. Section 1973b (a) (3). Finally, the County must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. Section 1973b (a) (4).

The Defendant United States, after investigation, has agreed that the Plaintiff is entitled to the requested declaratory judgment. 42 U.S.C. Section

1973b (a) (9). The parties have filed a joint motion for entry of this Consent Judgment and Decree.

## FINDINGS

Pursuant to the parties' stipulations and joint motion, this Court finds as follows:

1. Pulaski County is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4 (a) of the Voting Rights Act, 42 U.S.C. Section 1973b (a) (1).

2. Additional governmental units within Pulaski County include the Pulaski County School Board and the town governments of Pulaski and Dublin.

3. Pulaski County is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act. 42 U.S.C. Section 1973c.

4. Pulaski County was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by Section 4(b) of the Act, 42 U.S.C. Section 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. No discriminatory test or device has been used by Pulaski County during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. No person in Pulaski County has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in Pulaski County, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds during that time. No such claims presently are pending or were pending at the time this action was filed.

8. No Federal Examiners have been assigned to Pulaski County within the ten-year period preceding this action.

9. The Attorney General's investigation revealed that Pulaski County and its governmental units have enforced fourteen minor voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action. Those voting changes have been submitted and precleared.

10. All voting changes submitted by Pulaski County and its governmental units under Section 5 have been precleared by the Attorney General. No Section 5 submissions by the County or its governmental units presently are pending before the Attorney General. The County and its governmental units have never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by Pulaski County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. Pulaski County does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the County's minority citizens.

13. There is no indication that in the past ten years any persons in Pulaski County have been subject to intimidation or harassment in the course of exercising their right to participate in the political process.

14. Because there is no evidence that any voters in Pulaski County have been subjected to intimidation or harassment within the last ten years, neither Pulaski County nor any of its governmental units have been required to take any

constructive efforts to eliminate such intimidation and harassment of persons exercising rights protected under the Voting Rights Act.

15. Pulaski County has engaged in constructive efforts to enhance registration and voting opportunities for all of its citizens of voting age by increasing the number of locations at which persons can register to vote and polling locations at which they can vote. The Pulaski County Registrar, with the cooperation of the County's Electoral Board has 100 poll officials, twelve of whom are black or multi-racial. This group of twelve poll officials exceed the percentage of multi-racial minority groups in the County's general population. County election officials have cooperated with minority community members to recruit more minority poll officials, and these efforts have been largely successful in attracting minorities to work as poll officials.

16. Because Pulaski County does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation, but the County has provided sufficient evidence of voter participation to the extent possible.

17. Pulaski County has not engaged, within the ten years prior to the commencement of this action, in violations of the Constitution or laws of the

United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

18. Pulaski County has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. Section 1973b (a) (4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. Section 1973b (a) (4).

19. No matters are in controversy in the civil action.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

A. No matters being in controversy, and there being no objection to the form and entry of this Order, the Plaintiff, Pulaski County, Virginia, is entitled to a declaratory judgment in accordance with Section 4 (a) (1) of the Voting Rights Act, 42 U.S.C. Section 1973b (a) (1);

B. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Pulaski County, including the Pulaski County School Board and the towns of Pulaski and Dublin shall be exempt from coverage pursuant to Section 4 (b) of the Voting Rights Act, 42 U.S.C. Section 1973b(b). This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved

person in accordance with the procedures set forth in 42 U.S.C. Section 1973b (a) (5).

    C.    The parties shall bear their own costs.

Entered this 26th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

For the Plaintiff, Pulaski County, Virginia

*/s/ Gary C. Hancock*
GARY C. HANCOCK
D.C. BAR NO. 369265
Gilmer, Sadler, Ingram,
 Sutherland & Hutton
P. O. Box 878
Pulaski, VA 24301
Tel: (540) 980-1360, Ext. 15
Fax: (540) 980-5264

*/s/ Thomas J. McCarthy Jr.*
THOMAS J. McCARTHY, JR.
Pulaski County Attorney
P. O. Box 878
Pulaski, VA 24301
Tel: (540) 980-1360, Ext. 33
Fax: (540) 980-5264

For the Defendants Alberto R. Gonzales
And Bradley J. Schlozman

*/s/ Karen L. Ditzler*
JOHN K. TANNER
GILDA R. DANIELS
KAREN L. DITZLER
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 616-4349
FAX (202) 307-3961

KENNETH R. WAINSTEIN
United States Attorney